THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPITOL PROS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VADATA INC. f/k/a. AMAZON.COM,<br><br>Defendant. | CASE NO. C17-1410-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

**I.     BACKGROUND**

The Court has described this case in detail in a prior order (Dkt. No. 22) and will provide only a brief summary here.

Plaintiff Capitol Pros, Inc., a commercial cleaning company, provided cleaning services to Defendant Vadata, Inc., a division of Amazon.com, at its Virginia location between 2005 and 2013. (Dkt. No. 1 at 2.) A 2008 Master Services Agreement ("MSA") governed the parties' relationship and included a limitation of liabilities clause foreclosing either party from collecting consequential damages, including lost profits or lost opportunities, or punitive damages. (Dkt. No. 1-2 at 6.) The MSA also required the parties to contract for specific work through work

orders incorporated into the MSA. (Dkt. No. 1 at 2.) The 2013 Work Order is the most recent work order signed by the parties and it expired on December 31, 2013. (Dkt. No 1-3 at 10.)

Plaintiff alleges that starting in July 2011 Ryan Maheepat, Defendant's representative managing the parties' contractual relationship, began forcing Plaintiff to hire his parents and friends. (Dkt. No. 1 at 4–5.) Plaintiff asserts that these workers were "unproductive and unprofessional" and demanded a number of hiring irregularities—including refusing to sign non-compete agreements. (*Id*. at 5.) In January 2013, Plaintiff also discovered these employees were simultaneously working for a competitor, Barnard Building Services ("BBS"). (*Id*.) Around the same time, the parties finalized a work order adding building IAD15 to the contract. (*Id.* at 6.) However, before Plaintiff could begin work on the order, Defendant reported that it had given BBS the contract for the IAD15 building. (*Id*.) Plaintiff continued working on the remainder of the contract, but Defendant declined to issue new work orders after the 2013 Work Order expired. (*Id*.)

Plaintiff sued Defendant for breach of contract and violation of the Washington Consumer Protection Act ("WCPA") based on Defendant's interference with Plaintiff's employees, the loss of the IAD15 building, and other conduct outlined in the Court's prior order. (Dkt. No. 22). The Court previously dismissed the WCPA claim. (*Id*.) Defendant now moves for summary judgment on the remaining breach of contract claim, arguing that Plaintiff is not entitled to damages because the contract was paid in full. (Dkt. No. 24.)

**II.     DISCUSSION**

    **A.     Legal Standard**

The Court shall grant summary judgment if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly

1  made and supported, the opposing party must present specific facts showing that there is a
2  genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
3  475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who "fails to make a
4  showing sufficient to establish the existence of an element essential to that party's case, and on
5  which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,
6  324 (1986).

### B.    Analysis

To prove a breach of contract claim, a plaintiff must show "(1) a contract that imposed a duty, (2) breach of that duty, and (3) an economic loss as a result of the breach." *Myers v. State*, 218 P.3d 241, 243 (2009). "[I]t is not enough for a plaintiff to show that a breach occurred. A plaintiff must also establish the damages resulting from the breach with a reasonable degree of certainty." *Chamberlain Grp. Inc. v. Nassimi*, No. C09-5438-BHS, slip op. at 4 (W.D. Wash. Oct. 25, 2010). If Plaintiff cannot "establish damages," the Court need not address the other two elements of the contract claim: duty and breach. *See id.*; *Myers,* 218 P.3d at 243.

Both parties agree that contract "damages are ordinarily based on the injured parties' expectation interest"; therefore, the Court will assess whether Plaintiff can "establish the existence" of expectation damages. *Compare* Dkt. No. 24 at 8, *with* Dkt. No. 26 at 7; *see Celotex*, 477 U.S. at 324. Expectation damages are "intended to give [the injured] party the benefit of the bargain by awarding him or her a sum of money that will, to the extent possible, put the injured party in as good a position as that party would have been in had the contract been performed." *Mason*, 792 P.2d at 146.

The Court finds that Plaintiff is not entitled to expectation damages because Defendant reimbursed Plaintiff in full for all of the money owed under the contract. The 2013 Work Order stipulates that Defendant pay Plaintiff $828,396 for work in 2013. (Dkt. No. 24 at 7.) Defendant paid Plaintiff $849,231.71. (*Id.*) Therefore, the contract was materially performed, so there is no amount of damages required to "put the injured party in as good a position as that party would

have been in had the contract been performed." *Mason*, 792 P.2d at 146.

Each of Plaintiff's alternative theories for damages is foreclosed by the Court's prior ruling or by the express language of the contract. First, Plaintiff cannot receive damages related to removal of the IAD15 building from the contract because the Court found that the contract was modified to exclude IAD15 from its scope. (Dkt. No. 22 at 6.) Breach on these grounds is impossible, and Plaintiff cannot receive damages on this basis. *See Myers*, 218 P.3d at 243 (outlining the three elements of a contract breach claim, including that the contract imposes a duty). Second, Plaintiff's arguments for damages due to "increased costs" and "loss of work capacity" are unavailing because these types of damages are expressly foreclosed under the contract. (Dkt. No. 26 at 8); (*see* Dkt. No. 1-2 at 5) (under the MSA, neither party may be liable for consequential damages, including "lost opportunities or profits"). Third, Plaintiff cannot receive damages for Defendant's refusal to renew the contract or "the loss of its years-long relationship with [Defendant]." (Dkt. No. 26 at 8.) The MSA creates no obligation for Defendant to engage Plaintiff in any services "until both parties have signed a Work Order." (Dkt. No. 1-2 at 1.) The last Work Order agreed to by the parties expired on December 31, 2013. (Dkt. No. 1-3 at 10.) Because Defendant had no contractual obligations to issue new work orders, Plaintiff is ineligible for damages for Defendant's refusal to renew their relationship. *See Evergreen Int'l Airlines, Inc. v. Boeing Co.*, No. CV10-0568-JCC, slip. op. at 7–8 (W.D. Wash. June 9, 2010) (finding that Boeing did not breach its contract by refusing to renew the contract).

Plaintiff argues in the alternative that summary judgment is inappropriate because it has not had enough time to complete discovery. (Dkt. No. 26 at 5–7.) Plaintiff must do more than assert that if "discovery requests were allowed [it] would be able to unearth facts that would reveal that there exists a genuine dispute as to material facts." *Hall v. State of* Hawaii, 791 F.2d 759, 761 (9th Cir. 1986). Plaintiff must also make clear how further discovery "would preclude summary judgment." *Id*. Plaintiff cannot meet this standard since each of its legal theories for damages are foreclosed by the Court's prior ruling or the limitation of liabilities provision in the

contract. Therefore, summary judgment is appropriate and Plaintiff's request for extended discovery is DENIED.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 24) is GRANTED.

DATED this 12th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE